**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN GOODALL, | ) | CASE NO. 1:19 CV 650 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN, RICHLAND COUNTY JAIL, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner John Goodall filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

Petitioner is incarcerated in the Richland County Jail awaiting trial on charges of felonious assault of an officer, tampering with evidence, possession of cocaine, and failure to comply with an order of a police officer. He claims the Richland County Common Pleas Court Judge presiding over his case and the prosecutor colluded to delay his preliminary hearing until the state obtained an indictment against him. He seeks dismissal of the charges and immediate release. Because relief under § 2254 is available only to inmates in custody pursuant to a state court judgment, it is not available to review claims of pretrial detainees. The Court will construe this Petition as one asserted under 28 U.S.C. § 2241.

Writs of habeas corpus under 28 U.S.C. § 2241 "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28

U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Nevertheless, although relief under § 2241 is available, principles of comity and federalism dictate that the federal courts should abstain from interfering with state court criminal proceedings unless "special circumstances" are present and the Petitioner has given the state courts the opportunity to address his federal constitutional issues by exhausting his state court remedies. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Phillips*, 668 F.3d at 810 n. 4 (*quoting United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). If the issues raised in the Petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner, § 2241 relief should not be granted. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

In this case, Petitioner has not exhausted his state court remedies and he does not present a "special circumstance" justifying federal court intervention at the pre-trial stage. He contends the state sought continuances of his preliminary hearing until the grand jury handed down an indictment against him. To the extent that this action may implicate a federal constitutional right, and Petitioner has not identified one, he does not demonstrate that this issue cannot be addressed by the state courts either at trial or on appeal.

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied, and this action is dismissed under 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

    S/John R. Adams   6/28/19
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE